DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the April 20, 2007 judgment of the Lucas County Court of Common Pleas of Common Pleas, Juvenile Division, which awarded permanent custody of appellants' minor child, Munir I-M., to Lucas County Children's Services ("LCCS"). For the reasons that follow, we affirm the decision of the juvenile court.
 {¶ 2} Appellants were involved with LCCS since 2003 and previously lost permanent custody of three other children, who were found to be dependent and/or *Page 2 
neglected due to appellants' history of domestic violence, substance abuse, unstable housing, unstable income, and mental health problems. On January 26, 2007, following Munir's birth, LCCS filed a complaint in dependency, sought permanent custody, and sought a finding by the juvenile court that reasonable efforts by LCCS were not required to prevent removal, eliminate continued removal, or to return the child safely home.
 {¶ 3} At the shelter care hearing, held January 26, 2007, the juvenile court awarded temporary custody to LCCS. On February 28, 2007, the juvenile court held a bypass/pretrial hearing wherein the court determined that the evidentiary standards had been met for a finding that case plan services and reasonable efforts were not necessary for LCCS to proceed on the complaint for custody. At an adjudicatory hearing held on March 28, 2007, the juvenile court adjudged Munir a dependent child and held an immediate dispositional hearing.
 {¶ 4} The juvenile court found that appellants had a history of domestic violence, substance abuse, unstable housing, unstable income, and mental health problems, which were ongoing and had not been resolved by services offered or suggested to appellants by LCCS or other service providers. Specifically, the court found that father was extremely abusive of mother, who he blamed for losing custody of the other children, and had unresolved anger management problems; appellants' relationship was ongoing, although they attempted to disguise their involvement; father tested positive for marijuana in June 2006; appellants failed to maintain stable housing since LCCS's involvement in 2003; neither parent had any visible means of support; and father was repeatedly incarcerated, *Page 3 
most recently in January 2007, for receiving stolen property. The juvenile court also found, since LCCS's original involvement in 2003, that LCCS assisted the family in obtaining housing, but that they were later evicted; and that appellants had not resolved the issues that led to the termination of parental rights of the other children, continued to minimize or deny the problems leading to the loss of permanent custody of their other children, and failed to complete case plan services previously implemented.
 {¶ 5} The juvenile court found by clear and convincing evidence that, pursuant to R.C. 2151.353(A)(4) and R.C. 2151.414(E)(1), (4), (11), (13), (14), and (16), Munir could not and should not be placed with either parent within a reasonable period of time and that, pursuant to R.C. 2151.414(D), an award of permanent custody to LCCS was in the child's best interest. Specifically, the juvenile court held that (1) LCCS made reasonable efforts to prevent the need for removal of the child and the continued need for removal from their home, including, counseling, substance abuse treatment, domestic violence counseling, and visitation, but that such efforts were unsuccessful due to the parents' unwillingness to engage in services; (2) despite reasonable case planning and diligent efforts by LCCS to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parents have failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home; (3) appellants demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for *Page 4 
the child; (4) appellants had parental rights involuntarily terminated pursuant to R.C. 2151.353 with respect to a sibling of the child; (5) father's repeated incarcerations prevented him from providing care for the child; and (6) appellants were unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect.
 {¶ 6} Appellants appeal the April 20, 2007 judgment of the juvenile court and raise the following assignments of error:
 {¶ 7} "1. The trial court erred in finding that the Lucas County Children Services Board had made a reasonable effort to reunify the minor child with appellants.
 {¶ 8} "2. The trial court erred in granting Lucas County Children Services Board's motion for permanent custody as it was against the manifest weight of the evidence to grant it."
 {¶ 9} R.C. 2151.414 governs the permanent custody proceedings and sets forth a two-pronged process which must be satisfied in order to award permanent custody. According to R.C. 2151.414(B)(1)(a), permanent custody may be granted "if the court determines at the hearing held pursuant to [R.C. 2151.414(A)], by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency" and "the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents." If the court determines by clear and convincing evidence that one or more of the subsections in R.C. *Page 5 2151.414(E)(1) through (16) exist as to each of the child's parents, then "the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent." R.C. 2151.414(E).
 {¶ 10} In this case, the juvenile court found that the following sections of R.C. 2151.414(E) applied:
 {¶ 11} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties. * * *
 {¶ 12} "(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child; * * *
 {¶ 13} "(11) The parent has had parental rights involuntarily terminated pursuant to this section or section 2151.353 or 2151.415 of the Revised Code with respect to a *Page 6 
sibling of the child. * * *
 {¶ 14} "(13) The parent is repeatedly incarcerated, and the repeated incarceration prevents the parent from providing care for the child.
 {¶ 15} "(14) The parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect. * * *
 {¶ 16} "(16) Any other factor the court considers relevant."
 {¶ 17} Appellants argue in their first assignment of error that the trial court erred in finding that, pursuant to R.C. 2151.414(E)(1), appellants continuously and repeatedly failed to substantially remedy the conditions that caused Munir's removal from the home, despite the reasonable case planning and diligent efforts made by LCCS to assist appellants with remedying the problems that caused Munir to be placed outside the home. Specifically, appellants argue that because LCCS offered no case plan services to appellants in an effort to reunify them with Munir, R.C. 2151.414(E)(1) does not apply in this case. We disagree.
 {¶ 18} With respect to Munir, LCCS requested that the it not be required to make reasonable efforts to prevent the removal of the child from the child's home, eliminate the continued removal of the child from the child's home, and return the child to the child's home because appellants previously lost permanent custody of Munir's older siblings. R.C. 2151.419(A)(2) states that if "[t]he parent from whom the child was removed has had parental rights involuntarily terminated pursuant to section 2151.353, 2151.414, or *Page 7 2151.415 of the Revised Code with respect to a sibling of the child," then "the court shall make a determination that the agency is not required to make reasonable efforts to prevent the removal of the child from the child's home, eliminate the continued removal of the child from the child's home, and return the child to the child's home."
 {¶ 19} In this case, appellants previously lost permanent custody of three older siblings of this minor child. Although case plan services were offered to and suggested by LCCS to remedy the problems which led to the loss of permanent custody of the older siblings, including domestic violence, substance abuse, unstable housing, unstable income, and mental health problems, the juvenile court found that appellants "did not complete case plan services prior to losing permanent custody of their children, and they did not engage in services to resolve their problems at a later time." Thus, at the time of Munir's birth and disposition hearing, the same problems persisted that had caused appellants to previously lose their parental rights.
 {¶ 20} Accordingly, we find that the trial court properly determined that LCCS was not required to make reasonable efforts to prevent the removal of the child from the child's home, eliminate the continued removal of the child from the child's home, and return the child to the child's home. See R.C. 2151.419(A)(2). We further find that the trial court did not err in determining that LCCS had engaged in reasonable case planning and diligent efforts to assist appellants with remedying the problems that initially caused the child to be placed outside the home, but that appellants failed continuously and repeatedly to substantially remedy the conditions. Appellants' first assignment of error is *Page 8 
therefore found not well-taken.
 {¶ 21} Appellants argue in their second assignment of error that the trial court erred in granting LCCS's motion for permanent custody because its decision was against the manifest weight of the evidence. Specifically, because no case plan services were offered to them in this case, appellants assert that LCCS failed to establish that it made reasonable efforts to prevent the removal of the child from the child's home, eliminate the continued removal of the child from the child's home, and return the child to the child's home. Appellants also assert that "insufficient time was afforded to them in which to complete all of the prior services which had been provided to them, so that they could fully remedy the conditions which initially caused the removal."
 {¶ 22} As discussed above, appellants were involved with LCCS since 2003, but continuously failed to remedy the issues which led to the loss of permanent custody of their older children by the time of this minor's disposition hearing in March 2007. Nevertheless, we note that only one of the factors in R.C. 2151.414(E)(1) through (16) needs to be established by clear and convincing evidence for the court to determine that "the child cannot be placed with either parent within a reasonable time or should not be placed with either parent." R.C. 2151.414(B) and (E).
 {¶ 23} The juvenile court held that LCCS established by clear and convincing evidence the factors listed in R.C. 2151.414(E)(1), (4), (11), (13), (14), and (16). Upon review of the record, we find that the evidence presented supports the juvenile court's findings. Appellants failed continuously and repeatedly to substantially remedy the *Page 9 
conditions causing the child to be placed outside the child's home by failing to complete domestic violence training, drug and alcohol treatment, or parenting classes, and failing to utilize medical, psychiatric, or psychological services to address depression issues. Appellants failed to support, visit, or communicate with the child when able to do so. Appellants had parental rights involuntarily terminated with respect to three siblings of the child. Father was repeatedly incarcerated, preventing him from providing care for the child. Appellants are unwilling to provide food, clothing, shelter, and other basic necessities for the child because neither parent has any visible means of support or permanent residence. Mother is unwilling to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect because she maintains a relationship with father, but minimizes and fails to acknowledge that father has issues with anger management and domestic violence.
 {¶ 24} Accordingly, we find that there was clear and convincing evidence supporting the juvenile court's award of permanent custody to LCCS and find that the decision of the juvenile court was not against the manifest weight of the evidence. Appellants' second assignment of error is therefore found not well-taken.
 {¶ 25} Upon consideration whereof, we affirm the judgment of the Lucas County Court of Common Pleas, Juvenile Division. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County. *Page 10 
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J., Concur. *Page 1